UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LESLIE CLABO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-154-CLC-DCP |
| | ) |
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., and ETHICON ENDO-SURGERY, INC, f/k/a/ ETHICON, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Amend Complaint [Doc. 33]. Defendant has responded in opposition [Doc. 35] to the Motion. The parties appeared before the Court telephonically on July 29, 2019, for a motion hearing. Attorney Richard Baker appeared on behalf of Plaintiff. Attorney Kari Sutherland appeared on behalf of Defendants. Accordingly, for the reasons stated below, the Court **GRANTS** Plaintiff's Motion [**Doc. 33**].

## I. POSITIONS OF THE PARTIES

Plaintiff's Motion requests [Doc. 33] leave to amend the Complaint by filing a Short Form Complaint [Doc. 33-1], which is attached as an exhibit to the Motion. Plaintiff states that the amendment is necessary to respond to Defendants' Motion for Summary Judgment and to add Johnson & Johnson as a defendant in this case.

Defendants filed a Response [Doc. 35] in opposition to the Motion. Defendants argue that any proposed amendment would be futile because Plaintiff's claim is time-barred under Tennessee's six year statute of repose for product-liability actions. Further, Defendants state that

allowing the amendment would be prejudicial because the dispositive deadline has already expired. Defendants request an extension of the dispositive motion deadline should the Court grant Plaintiff's instant request. Defendant also filed a Notice of Supplemental Authority [Doc. 53], which the Court has also reviewed.

## II. ANALYSIS

The Court has considered the parties' positions, and the Court finds Plaintiff's Motion [**Doc. 33**] well taken, and it is **GRANTED**.

By way of background, the Court notes that Plaintiff's case was originally part of a MDL action, which was remanded to this Court on April 11, 2019. [Doc. 40]. Plaintiff filed her Motion on October 23, 2018, prior to the case being remanded. During the telephonic hearing, Plaintiff explained that [Doc. 33-1] is her first Short Form Complaint. Plaintiff stated that she seeks to correct Johnson & Johnson's name and adopt the causes of action that were pled in the First Amended Master Complaint. Defendants argued that Plaintiff's amendment is futile for the reasons stated in their Motion for Summary Judgment and that the amendment is prejudicial.

The Court begins with Federal Rule of Civil Procedure 15, which provides that courts should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), courts have explained that motions to amend may be denied if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

With the above analysis in mind, the Court turns to the facts of the present matter. The only objections Defendants raise are futility and prejudice. With respect to their futility argument,

the Court observes that Defendants have already briefed the statute of repose in their Motion for Summary Judgment. Thus, with respect to whether the amendment is futile, it appears that the District Judge will determine whether Plaintiff's claim will proceed. *See also Wiggins v. Kimberly-Clark Corp.*, No. 3:12-cv-115, 2014 WL 1267574, at *2 (E.D. Tenn. Mar. 26, 2014) (allowing plaintiff to amend the complaint while noting that the related issues raised in the parties' briefs can be addressed through the filing of appropriate dispositive motions after the plaintiff files an amended complaint).

Further, Defendants argue that the filing of an amended Complaint would be prejudicial because it would moot their dispositive motion and the deadline to file dispositive motions has expired. The Court finds that filing an amended Complaint does not necessarily moot a motion for summary judgment. In any event, however, even if the filing of Plaintiff's amended Complaint renders Defendants' dispositive motion moot, the Court intends on setting a scheduling conference with the parties to discuss the deadlines in this case, including the deadline for dispositive motions.

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Amend Complaint [**Doc. 33**]. Plaintiff **SHALL** file the complete operating amended Complaint, without incorporating prior Complaints, in CM/ECF on or before **August 26, 2019.** *See* E.D. Tenn. L.R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference.").

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge