UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| LESLIE CLABO, | ) | |
|---|---|---|
| | ) | |
| *Plaintiff*, | ) | No. 3:19-CV-154 |
| | ) | |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| JOHNSON & JOHNSON HEALTH CARE | ) | Magistrate Judge Debra C. Poplin |
| SYSTEMS, INC., and ETHICON | ) | |
| ENDO-SURGERY, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

# **M E M O R A N D U M**

Defendants have filed an objection to the Magistrate Judge's order granting Plaintiff's motion to amend her complaint, contending Plaintiff's motion should be denied and their motion for summary judgment should be granted. (Doc. 56.) For the reasons set out below the Court will **REVERSE** the Magistrate Judge's order, will **DENY** Plaintiff's motion to amend, and will **GRANT** Defendants' motion for summary judgment.

## **I.    BACKGROUND**

This case arose following alleged complications from Plaintiff's transvaginal mesh device. Plaintiff was prescribed a TVT mesh sling to address incontinence issues, and the device ("Kit Device TVT w. Abd. Guide Catalog #610041A, Lot No. JCG03072 or (JOG03072), Item No. 70675") was implanted on May 8, 2003. (Doc. 1-1 at 7; Doc. 12 at 6.) Beginning about 2006, Plaintiff began experiencing problems allegedly caused by the mesh sling, including pelvic pain and infections. (Doc. 1-1 at 7.) On July 27, 2011, Plaintiff underwent surgeries to remove parts of the sling that had perforated tissue in her vaginal walls. (*Id.*) The remaining mesh reportedly continues to perforate tissue and cause Plaintiff significant pain. (*Id.*) On July 27, 2012, Plaintiff

was advised by a doctor that her continuing medical problems were likely due to a defective transvaginal mesh product. (*Id.*)

On May 6, 2013, Plaintiff filed suit against Defendants as the manufacturers and sellers of the TVT mesh sling. (*Id.* at 6.) Defendants removed the case from state court to this Court, and it was then transferred to a pending multidistrict litigation (the "MDL"). (Docs. 1, 8.) While part of the MDL, Defendants filed a motion for summary judgment, asserting that Plaintiff's claims were barred by the applicable statute of repose. (Doc. 31.) Plaintiff filed a response in opposition,[1] asserting summary judgment should be denied because questions of fact remain as to when she should have known the cause of her injuries. (Doc. 36.) Defendants filed a reply (Doc. 37), and Plaintiff's second response (Doc. 49) was stricken for violating Local Rule 7.1(d). (*See* Doc. 65.)

On October 23, 2018, Plaintiff filed a motion to amend her complaint. (Doc. 33.) Plaintiff sought to respond to Defendants' motion for summary judgment, add Johnson & Johnson as a defendant, and adopt the claims pleaded in the MDL's Master Complaint. (*Id.*) Defendants filed a response in opposition, contending the amendment was futile due to the application of the statute of repose and prejudicial because of the motion's untimeliness and the amendment's effect on their summary judgment motion. (Doc. 35.)

After the case was transferred back to this Court (Doc. 44), Magistrate Judge Debra C. Poplin held a telephonic hearing on Plaintiff's motion to amend her complaint (Doc. 54). In granting the motion to amend, the Magistrate Judge left the decision as to the amendment's futility for this Court to decide. (Doc. 55 at 3.) As for the claim of prejudice, the Magistrate Judge stated

---

[1] Plaintiff's response was untimely. All responses to dispositive motions were due by October 25, 2018 (Doc. 25), but Plaintiff did not file her response until November 6, 2018 (Doc. 36). Although it was untimely, the Court will consider the arguments set forth in Plaintiff's response (Doc. 36), to aid the Court in deciding the matter on the merits.

2

the filing of an amended complaint does not necessarily moot a motion for summary judgment, and even if it does, new deadlines can be set for filing dispositive motions. (*Id.*)  In their objection to the Magistrate Judge's order, Defendants contend the Magistrate Judge applied the incorrect standard in evaluating the futility of the amendment and failed to fully consider the prejudicial nature of Plaintiff's amendment.  (Doc. 56.)  Plaintiff did not file a response to the objection and the time to do so has expired.

## II. STANDARDS OF REVIEW

### A. Objection to Magistrate Judge's Order

Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district court must modify or set aside a Magistrate Judge's non-dispositive pretrial order if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo."  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)).

A finding of fact is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948)) (internal quotations omitted).  A district court may not reverse the Magistrate Judge's factual findings merely because it would have decided the matter differently, rather "the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one."  *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).  Under the "contrary to law" standard, the Court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as

found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

### B. Motion to Amend

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading before trial with the court's leave, which "[t]he court should freely give . . . when justice so requires." The court's discretion is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). In evaluating whether to grant leave to amend, a court considers "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (explaining the factors a court should consider in deciding whether to grant a motion to amend).

### C. Motion for Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing no genuine dispute of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The movant may meet its burden by showing the non-moving party has failed to provide evidence to support an essential element of its case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

If the moving party meets its initial burden, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). A genuine issue for trial exists if there is "evidence on which the jury could reasonably find for the plaintiff." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)) (internal quotations omitted).

At summary judgment, the court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *See Anderson*, 477 U.S. at 248–49. A court should view the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). If a court concludes, based on the record, that a fair-minded jury could not return a verdict in favor of the non-movant, the court should grant summary judgment. *Anderson*, 477 U.S. at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. <u>DISCUSSION</u>

Because "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013), pending motions directed to an initial complaint are generally denied as moot when an amended complaint is filed. *See, e.g., Lopez v. Metro. Gov't of Nashville*, No. 3:07-CV-0799, 2008 WL 913085, at *2 (M.D. Tenn. Apr. 1, 2008) (denying a motion for summary judgment after amended complaint filed). Accordingly, the Court will first consider Defendants' objection to the Magistrate Judge's order granting Plaintiff's motion to amend before turning to their motion for summary judgment.

### A. Objection to Magistrate Judge's Order

Defendants contend the Magistrate Judge applied the incorrect standard for determining whether an amendment is futile. (Doc. 57.) Defendants assert the Magistrate Judge should have considered the statute-of-repose evidence and then determined if the amended complaint would create a factual dispute as to the application of the statute of repose to overcome summary judgment. (*Id.*) In addition, Defendants contend the Magistrate Judge failed to consider the prejudicial effect of allowing Plaintiff to file her amended complaint after the close of discovery and the MDL's deadline for filing short-form complaints. (*Id.*)

In granting the motion to amend, the Magistrate Judge did not consider whether the amendment was futile. (*See* Doc. 55 at 3.) Instead, the Magistrate Judge noted Defendants had already briefed the statute of repose argument in their motion for summary judgment and thus, "with respect to whether the amendment is futile, it appears that the District Judge will determine whether Plaintiff's claim will proceed." (*Id.*) However, the Sixth Circuit has consistently recognized that courts should consider the futility of an amendment in determining whether to grant a motion to amend. *See, e.g., Wade*, 259 F.3d at 458; *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989); *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). By granting the motion without consideration of the amendment's futility, the Magistrate Judge's order overlooks this established precedent. As a result, the Court will set aside the order as contrary to law and will review de novo the futility of Plaintiff's amended complaint.

An amendment is considered futile if it could not withstand a 12(b)(6) motion to dismiss for failure to state a claim. *See, e.g., Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss"); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*,

987 F.2d 376, 383 (6th Cir. 1993) ("This Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment") (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).[2]

In deciding a 12(b)(6) motion to dismiss, a court first accepts all of the complaint's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The Court must then determine whether those allegations "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint contains sufficient factual allegations when a court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged" and there is "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because a court only looks to the complaint in a 12(b)(6) motion, it "is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

---

[2] Defendants argue a different standard applies if a motion for summary judgment has been filed. (Doc. 57 at 9.) Defendants contend the court must determine if the amended complaint creates a genuine issue of material fact to overcome the summary judgment motion, instead of determining whether it could withstand a 12(b)(6) motion. (*Id.*, citing *Flint v. Target Corp.*, 362 F. App'x 446, 449–50 (6th Cir. 2010) ("Upon examining the proposed amendments . . . we agree with the district court that the added details Flint provides would not help him establish a genuine issue of material fact on the issues that entitle Target to summary judgment."); *McCarthy v. G.UB.MK Constructors*, No.: 3:14-CV-472, 2017 WL 1031980, at *4 (E.D. Tenn. Mar. 15, 2017).) However, the Sixth Circuit Court of Appeals has expressly stated "[t]he test for futility . . . does *not* depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 421 (emphasis added).

Because this is an action in diversity, the Court must look to the applicable state law in deciding substantive issues, including the application of a statute of repose. *Erie Ry. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Myers v. Hayes Int'l Corp.*, 701 F. Supp. 618, 622 (M.D. Tenn. 1988). Tennessee uses the "most significant relationship" approach for determining the applicable law in tort actions, which holds a court should apply the substantive law of the state with the most significant relationship to the litigation. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). Here, the alleged tort occurred in Knoxville, Tennessee and Plaintiff is a resident of Tennessee, meaning Tennessee has the most significant relationship to the litigation and its statute of repose will apply.

The Tennessee Products Liability Act ("TPLA") sets out provisions applicable to "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product." Tenn. Code Ann. § 29-28-102(6). One such provision, the statute of repose, was designed to limit the time period within which a products liability claim may be brought. *Sharp v. Richardson*, 937 S.W.2d 846, 850 (Tenn. 1996). The purpose of this provision was to "allow for accurate assessment of liability exposure for insurance purposes . . . [by] provid[ing] certainty as to the time period during which product manufacturers and sellers could be subject to potential liability." *See id.* Specifically, the statute of repose states:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose

action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Tenn. Code Ann. § 29-28-103(a).

The parties agree that TPLA subsumes all of Plaintiff's claims, meaning a failure to file within the statute of repose would bar her suit in its entirety. (Docs. 31, 36.) Because Defendants contend the six-year statute of repose bars Plaintiff's claims, the key issue the Court must determine is when Plaintiff's injury first occurred.

For purposes of the six-year statute of repose, an injury begins when the plaintiff first experiences the harm caused by the product, even if the product's connection to the harm is not yet known. *See Van Dyke v. Howmedica Osteonics Corp.*, No. 2:13-CV-303, 2014 WL 12893224, at *3 (E.D. Tenn. Sept. 30, 2014) (explaining the injury began for the statute of repose when the infections started to occur, even though Plaintiff was not yet aware the product caused the infections).

Here, Plaintiff's amended complaint alleges that "periodically beginning about 2006 Plaintiff began to experience medical problems including pelvic pain, infections, and others." (Doc. 58 at 2.) Plaintiff later connected her continuing problems to the TVT mesh. (*Id.*) Accepting all Plaintiff's factual allegations as true, her injuries, for purposes of the statute of repose, began sometime in 2006.[3] Even if the Court places the start of her injuries at December 31, 2006, Plaintiff had to file her suit no later than December 31, 2012, to fall within TPLA's six-year statute of repose. However, Plaintiff did not file her initial suit until May 6, 2013. (Doc. 1-1.) Thus, the allegations in the amended complaint affirmatively show her claims are time-barred by the statute

---

[3] In her response to the motion for summary judgment, Plaintiff contends the discovery rule applies to the statute of repose. (Doc. 36.) However, as discussed in greater detail below, the statute of repose is not tolled by the discovery rule.

of repose, making dismissal appropriate under Rule 12(b)(6). *See Cataldo*, 676 F.3d at 547. As a result, Plaintiff's amended complaint is futile and her motion to amend will be denied.

**B. Motion for Summary Judgment**

Defendants' motion for summary judgment is also predicated upon their contention that the action is barred by the six-year statute of repose.

As discussed previously, a products liability action in Tennessee must be brought within six years of the alleged injury. *See* Tenn. Code Ann. § 29-28-103(a). Defendants claim Plaintiff's injuries began in 2006 when she first started experiencing medical issues later linked to the TVT mesh device. (Doc. 31.)

In response, Plaintiff asserts the date of the injury is calculated based on when Plaintiff should have known her injury was related to Defendants' product, which Plaintiff argues is a question of fact in dispute and thus summary judgment should be denied. (Doc. 36.) Plaintiff's argument relies solely on the application of the discovery rule to the statute of repose. Under the discovery rule, "[a] cause of action for personal injury does not accrue until a plaintiff knows or reasonably should know an injury has been sustained." *Montgomery v. Wyeth*, 540 F. Supp. 2d 933, 939 (E.D. Tenn. 2008). In this case, Plaintiff contends she was not aware the injury was related to the TVT mesh sling until July 27, 2012, and she filed her complaint less than a year later.

However, the trigger for a statute of repose "is unrelated to the accrual of any cause of action." *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 515 (Tenn. 2005) (citing *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 743 (Tenn. Ct. App. 2001)). "[S]tatutes of repose impose 'an absolute time limit within which an action must be brought.'" *Id.* (quoting *Penley v. Honda Motor Co., Ltd.*, 31 S.W.3d 181, 184 (Tenn. 2000)). An action may be filed within the applicable statute of limitations, but still be barred by the statute of repose. *Id.* In addition, Tennessee courts

have explicitly held the discovery rule cannot be used to extend the statute of repose. *See, e.g., Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 103 (Tenn. Ct. App. 1995) (explaining the discovery rule does not apply to ten-year statute of repose because "the statute runs from the triggering event without regard to accrual"); *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 3d 882, 886 (W.D. Tenn. 1999) ("An equitable 'discovery rule' is not available to toll the statute of repose."). Thus, Plaintiff's injury for purposes of the six-year statute of repose began when she first experienced medical issues that would later be attributed to the mesh sling. *See Van Dyke*, 2014 WL 12893224, at *3. The Court recognizes, as have many courts, that this approach might lead to harsh results, but the Court cannot abrogate the legislature's enactment. *See Cantrell v. Buchanan*, No. 88-334-II, 1989 WL 25598, at * 1 (Tenn. Ct. App. Mar. 22, 1989) (explaining the potential harshness of Tennessee's rule, but noting "in the absence of constitutional defects, such policy matters are for the legislature, not for the courts.").

As with her amended complaint, Plaintiff's initial complaint alleges that "periodically beginning about 2006 Plaintiff began to experience medical problems including pelvic pain,[] infections, and others." (Doc. 1-1 at 2.) In addition, in her MDL fact sheet, Plaintiff stated she first began experiencing symptoms caused by the pelvic mesh product during 2006 when she continued to have incontinence, was advised she had exposed tape, and could feel exposed tape. (Doc. 31-1 at 7.) That same year, Plaintiff had surgery to remove parts of the mesh that had eroded. (Doc. 57-3 at 4–5 [Leslie Clabo Dep. 121:12–25; 122:1–16].)

Even construing all evidence in favor of Plaintiff, Plaintiff's injuries began sometime in 2006, but she did not file her suit until May 6, 2013, which is more than six years after her injury began. (*See* Doc. 1-1.) As a result, TPLA's six-year statute of repose bars her claims.

11

Accordingly, the Court will grant Defendants' motion for summary judgment and will dismiss Plaintiff's complaint as time-barred.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will **REVERSE** the Magistrate Judge's order allowing Plaintiff to amend her complaint, will **DENY** Plaintiff's motion to amend, and will **GRANT** Defendants' motion for summary judgment.

**An appropriate order will enter.**

<u>**/s/**                                    </u>
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**